J. R. Swan, J.
The jurisdiction of the court of common pleas depends upon the amount claimed in the petition. If that be less than one hundred dollars, the court has no jurisdiction. ’ But if the plaintiff claims in his petition more than one hundred dollars, the *599 jurisdiction is not ousted, although the recovery may be less than one hundred dollars. If, however, the plaintiff recovers less than one hundred dollars, although entitled to judgment therefor, he is not, in general, entitled to costs.
The code, section 552, forbids the recovery of costs in such a ease. It provides : “ That if it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, the plaintiff shall not recover costs.” It is true, that at the time* the *code took effect, the court of common pleas [599 and justices of the peace had concurrent jurisdiction when the amount in controversy did not exceed one hundred dollars. Now by statute justices of the peace have exclusive jurisdiction of any sum not exceeding one hundred dollars. We are of opinion that this change of jurisdiction did not abrogate the section of the code above referred to, in relation to the recovery of costs by the plaintiff in cases in which it appears from the verdict that the amount in controversy did not exceed one hundred dollars. But there is this exception to the above rule: Where the plaintiff claims by his petition more than one hundred dollars, and the jup-y find his claim to exceed that sum, but it is, by counter-claim or set-off allowed by the jury, reduced to an amount less than one hundred dollars, the plaintiff is entitled to his costs. This exception was recognized under the old law, and the same reason exists for its recognition under section 552 of the code. When the claim and, verdict exceeds one hundred dollars, and does not exceed three hundred, costs follow the judgment, as in other cases under the general provisions of the seventeenth title of the code.
The court below erred in rendering a judgment for the plaintiffs ’ costs, and the judgment therefore must be reversed in respect to costs.
Bartley, C. J., and Brinkerhoee, Bowen, and Scott, J J., concurred.